IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Julie A. Su,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Complainant,<br><br>    v.<br><br>USNIA, Inc. d/b/a USNIA,<br><br>    Respondent. | Case No. |

**THE ACTING SECRETARY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**

Petitioner, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary") respectfully submits this Memorandum in support of her Petition to Enforce Administrative Subpoena and for an Order Tolling the FLSA Statute of Limitations. The Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), grants the United States Department of Labor ("Department") broad authority to access and subpoena employer records during the course of an investigation.

Over the course of more than two months, Respondent USNIA, Inc. ("USNIA" or "Respondent") and Tarrazzia Martin ("Ms. Martin"), Owner of USNIA, Inc have failed to produce any documents in response to the subpoena that the Wage and Hour Division ("WHD") Department issued. Additionally, Respondent has been unresponsive to WHD and the Acting Secretary's multiple attempts to contact it. The subpoenaed documents include tax filings, basic information about employees' rates of pay, employee time and payroll records, and other information essential to the Secretary's investigation.

The Acting Secretary now respectfully petitions this Court, pursuant to the FLSA, 29 U.S.C. § 209 and 211(a), for an order compelling USNIA to fully comply with the administrative subpoena duces

tecum served on October 10, 2024 ("October 10 subpoena") and tolling the FLSA statute of limitations.

I.     FACTUAL BACKGROUND

The Wage and Hour Division, United States Department of Labor ("Wage and Hour") opened an investigation of USNIA in July 2024 to determine whether USNIA or any person operating on behalf of USNIA, violated or were currently violating the FLSA or any of its implementing regulations. Ex. B.

Between July 9, 2024, and October 10, 2024, Wage and Hour made multiple attempts to reach USNIA by phone and email to obtain documents necessary for the FLSA investigation. Ex. B. USNIA did not respond to Wage and Hour's multiple messages, nor did they produce any documents. Ex. B On July 9, 2024, WHI Blanco sent USNIA an email to its business email address, which included an Appointment Letter.[1] Ex. B. A week later, on July 17, 2024, WHI Blanco conducted a site visit to the business location to hold an Initial Conference. However, the location was a United Parcel Service ("UPS") mailbox for USNIA. While there, WHI Blanco called USNIA and spoke with an employee who in turn attempted to contact Ms. Martin. WHI Blanco waited for approximately an hour for a response before she ultimately left the location. Ex. B. Over the course of the next week, from July 18, 2024, to July 26, 2024, WHI Blanco and Ms. Martin exchanged multiple voice messages. Ex. B.

Undeterred, WHI Blanco continued her efforts to contact Respondent. On August 2, 2024, obtained additional email addresses for Ms. Martin. Copies of the Appointment Letter as well as a 72-hour Letter[2] was sent to these email addresses. Ms. Martin responded almost immediately and asked for a meeting on Monday, August 5, 2024. Ex. B. Ex. B2a – Ex. B2f.

When the Initial Conference was held on August 5, 2024, the meeting was unproductive because

---

[1] The Appointment Letter is a notice to USNIA that informs them that a Wage and Hour investigation has been initiated.
[2] A 72-hour Letter is a notice to USNIA that they had 3 days to provide the documents, or the case will be forwarded for further enforcement.

Ms. Martin was unprepared to discuss the documents and information requested in the subpoena. WHI Blanco gave Respondent another opportunity to hold an Initial Conference on August 16, 2024. Ex. B. The meeting was held, and Ms. Martin was given a deadline of August 19, 2024, to produce the documents. When no documents were received, WHI Blanco emailed Ms. Martin and set a deadline of close of business on August 20, 2024, to produce the outstanding records. Ex. B.

On August 26, 2024, Respondent produced the employee handbook by email and an incomplete response to the questions. Ex. B. Ex. B6. The next day, on August 27, 2024, WHI Blanco requested that Respondent forward an employee contact list by August 30, 2024. Ex. B. Ex. B6. Neither Respondent nor Ms. Ms. Martin responded.

On October 8, 2024, Mark H. Watson, the Wage and Hour Regional Administrator, issued an administrative subpoena duces tecum to Respondent USNIA to produce documents related to USNIA's workers and pay practices by October 25, 2024. Ex. A; Ex. B – Blanco Decl. Finally, on October 10, 2024, a process server served the subpoena on the Registered Agent for Respondent USNIA in Glen Allen, VA. A true and correct copy of the subpoena duces tecum and proof of service are attached to the Petition as Exhibit C. Respondent did not respond to the subpoena. After service of the subpoena, Wage and Hour continued to contact Respondent by telephone, but to no avail. Ex. B.

On October 29, 2024, Regional Counsel for the Acting Secretary left a voice message for Ms. Martin regarding the outstanding documents. She followed up with an email that day as well as October 31, 2024. Ex. D. On November 4, 2024, Ms. Martin replied to Counsel's email, explaining that USNIA. would be filing for bankruptcy. Regional Counsel for the Acting Secretary replied that, despite the bankruptcy filing, USNIA was still obligated to comply with the subpoena. She also requested the contact information for her counsel in the bankruptcy action. Ex. D.

To date, Ms. Martin has not responded to the email and no counsel on behalf of Ms. Martin or

USNIA has reached out. Respondent has provided one document despite repeated requests by Wage and Hour to respond. Ex. B. USNIA has also failed to provide additional records or appear as directed in the subpoena. Furthermore, USNIA has not provided any objection to the subpoena.

## II.   LEGAL STANDARD

The FLSA grants the Secretary of Labor and the Administrator of the Wage and Hour Division ("Administrator") broad authority to investigate wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(a). To exercise this authority, the FLSA also grants the Secretary of Labor and the Administrator subpoena power. 29 U.S.C. § 209; see also *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 199–200 (1946). The purpose of an administrative subpoena is "to discover and procure evidence, not to prove a pending charge or complaint, but upon which to make one if, in the Administrator's judgment, the facts thus discovered should justify doing so." *Id* at 201. Administrative subpoenas allow federal agencies to carry out the investigatory and enforcement duties delegated by Congress. *Id* Thus, it is well-settled that the Department has the authority to issue administrative subpoenas to investigate whether an employer has violated the FLSA.

Courts have the authority to enforce compliance with administrative subpoenas. Compliance with administrative subpoenas will be ordered if: (1) the inquiry is within the authority of the agency; (2) the demand for production is not too indefinite; and (3) the information sought is reasonably relevant to the authorized inquiry. *Id* at 210; *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 410–11, 415 (1984) (enforcing an administrative subpoena issued by Wage and Hour that required an employer to appear at the Wage and Hour office and bring with it for inspection certain payroll and sales records as it did not violate the Fourth Amendment).

Furthermore, the Fourth Circuit has held that to enforce an administrative subpoena, the administrative agency must also demonstrate that it has complied with statutory requirements of due

process. *E.E.O.C. v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 113 (4th Cir. 1997).

Compliance with an administrative subpoena can be achieved through an enforcement proceeding. The scope of the proceeding is narrow because of the important governmental interest in the expeditious investigation of possible unlawful activity. *See Oklahoma Press Pub. Co.*, 327 U.S. at 217; *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 879 (5th Cir. 1989); *E.E.O.C. v. Children's Hosp. Med. Ctr. of N. California*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*) (holding that "the scope of the judicial inquiry in an EEOC or any other agency subpoena enforcement proceeding is quite narrow") (overruled on other grounds). Such a proceeding is summary in nature and is designed to allow efficient investigation of potential violations. *See United States v. Am. Target Advert., Inc.*, 257 F.3d 348, 353 (4th Cir. 2001) (citing *E.E.O.C. v. Am. & Efird Mills, Inc.*, 964 F.2d 300, 303 (4th Cir. 1992)); *E.E.O.C. v. Karuk Tribe Hous. Auth.*, 260 F.3d 1071, 1078 (9th Cir. 2001); *F.T.C. v. Texaco, Inc.*, 555 F.2d 862, 872 (D.C. Cir. 1977).

The Acting Secretary can establish that (1) she has the authority to conduct the current investigation and to issue the Subpoena, (2) the documents requested are not indefinite, (3) she has complied with the statutory requirements of due process, and (4) the information sought is reasonably relevant to the lawful investigation. The Acting Secretary can also establish that Respondent cannot set forth any reason why the subpoena is unreasonable. Accordingly, for the forgoing reasons, the Court in this case should order USNIA to appear and Show Cause why the administrative subpoena should not be enforced.

### III.  ARGUMENT

#### A. The Wage and Hour Division is Authorized to Investigate USNIA for Violations of the FLSA.

Congress delegated authority over investigations of potential FLSA violations to the Administrator of Wage and Hour. See 29 U.S.C. § 204, 211(a), 216(c), 217. The FLSA requires, among

other things, covered employers to pay their non-exempt employees a minimum wage for all hours worked and a premium rate for all overtime hours worked. *See* 29 U.S.C. § 206 & 207. To enforce these requirements, the FLSA grants Wage and Hour broad investigative authority to inspect and copy records and "investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of [the FLSA], or which may aid in the enforcement of the provisions of [the FLSA]." 29 U.S.C. § 211(a).

Furthermore, Congress granted the Wage and Hour Administrator authority to subpoena witnesses and documentary evidence relating to any FLSA matter under investigation. See 29 U.S.C. § 209 (cross-referencing 15 U.S.C. § 49 and 50). Pursuant to the Acting Secretary's Order 05-2010, regional Wage and Hour Administrators are authorized to issue and sign investigative subpoenas on behalf of the Secretary and the Wage and Hour Administrator. 75 Fed. Reg. 55,352, 55,354 (Sept. 10, 2010). Thus, Wage and Hour has the "power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49. When the subpoena recipient fails to comply, Wage and Hour "may invoke the aid of any court of the United States in requiring" compliance. *Id.* The court may, in case of such failure to comply, order the recipient of the subpoena to produce the requested documents. See *Id*.

Moreover, the court has discussed its role in reviewing administrative subpoenas. It noted that it ". . . plays a limited role in reviewing how the agency asserts this authority, intervening only where the agency's use of authority is "obviously apocryphal." See *United States v. Am. Target Advert., Inc.*, 257 F.3d 348, 354 (4th Cir. 2001) (quoting *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 5–6 (1st Cir. 1996)).

The investigation and subpoena at issue here are within the authority granted to the Administrator of Wage and Hour by the FLSA. The FLSA clearly authorizes Wage and Hour's investigation of USNIA

to ensure its employees are receiving the FLSA wages to which they are entitled. The FLSA also authorizes Wage and Hour's requests for documents from USNIA in connection with and furtherance of that investigation. Thus, unless this Court doubts the authenticity of the subpoena served on USNIA, then its role is to enforce it and allow the agency to assert its authority as appropriate.

    **B. The Wage and Hour subpoena is valid because it is limited in subject matter and timeframe, reasonable and relevant.**

An administrative subpoena must be sufficiently limited in scope to not be overly burdensome. See *Donovan v. Lone Steer, Inc.*, 464 U.S. 408, 415 (1984). See also *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 209 (1946). So long as a request is reasonable, there is no requirement that the documents sought relate to a specific charge or violation of the law. *Id*. Rather, where ". . . the investigation be for a lawfully authorized purpose[and] within the power of Congress to command, the request is valid enough. *Id*.

    **1. The Materials Requested are Relevant to Wage and Hour's Authorized Investigation.**

Relevancy is viewed "in terms of the investigation" rather than "in terms of evidentiary relevance." *N.L.R.B. v. N. Am. Van Lines, Inc.*, 611 F. Supp. 760, 764 (N.D. Ind. 1985) (emphasis omitted) (citing *N. L. R. B. v. Rohlen*, 385 F.2d 52, 57 (7th Cir. 1967)). In defining "relevant", the Court explained that the term is "generously construed". *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 68–69 (1984) Furthermore, "courts can defer to an agency's own appraisal of what is relevant "so long as it is not 'obviously wrong.'" *F.T.C. v. Invention Submission Corp.*, 965 F.2d 1086, 1089 (D.C. Cir. 1992) (quoting *F.T.C. v. Carter*, 636 F.2d 781, 787–88 (D.C. Cir. 1980)).

The Wage and Hour's investigation concerns, among other things, whether the employer paid the required minimum wage and overtime rate to its employees. All documents that Wage and Hour requested in this subpoena directly relate to this investigation. Ex. A. See *Oklahoma Press Pub. Co. v.*

*Walling*, 327 U.S. 186, 208 (1946). For example, the ownership and corporate entity documents are relevant because they identify persons and entities that may be involved in, and thus held responsible for, violations of the FLSA. Information concerning the identification of employees is crucial in establishing individuals to whom back wages may be due and owing.

The other documents requested in the subpoena are also relevant to identifying employees and any amounts which may be owed under the FLSA. *See Marshall v. Rausch*, No. MCV-80-48-BLG, 1981 WL 2304 (D. Mont. Feb. 11, 1981) (enforcing the Wage and Hour's administrative subpoena duces tecum for payroll records and subpoena ad testificandum as being relevant to the inquiry concerning whether Respondent was subject to, and in compliance with, the Act). See also *Donovan v. Mehlenbacher*, 652 F.2d 228 (2d Cir. 1981) (granting the Secretary of Labor's petition for enforcement noting that the subpoenas for payroll records and access to employees to conduct interviews were reasonable in scope and relevant to the investigation.).

The documents sought by the administrative subpoena meet the broad standard for relevance as described by multiple circuits. Nothing on this list of documents is plainly wrong. As such, this Court should defer to the agency's judgement and enforce the subpoena.

2. **The subpoena is sufficiently limited to a subject matter and a time frame.**

Subpoenas are to be used for legitimate and authorized governmental purposes. The government is prohibited from using subpoenas to "engage in arbitrary fishing expeditions" and from "select [ing] targets of investigation out of malice or an intent to harass." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299 (1991). Subpoenas will not be enforced when it so overbroad as to be unreasonable under the Fourth Amendment," *United States v. Calandra,* 414 U.S. 338, 346, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) or if it is not "suitably specific and properly limited in its scope," *Wilson v. United States*, 221 U.S. 361, 376 (1911). The question of scope is usually "variable in relation to the nature, purposes and

scope of the inquiry." *Oklahoma Press,* 327 U.S. at 209, 66 S.Ct. 494.

Here, the subpoena is limited in scope in three ways. First, the administrative subpoena narrowly defines the subject matter and time frame for the documents that Wage and Hour requested from USNIA to help Wage and Hour determine whether USNIA is subject to, and in compliance with the Act. Ex. A. Secondly, the administrative subpoena Wage and Hour issued to USNIA requested a precise list of documents that all relate to the pay and working conditions of USNIA employees. Ex. A. Furthermore, Wage and Hour only requested documents from "July, 2022, to the present," which is the period of investigation. *See generally* 29 U.S.C. § 255 (prescribing a two-year statute of limitations for violations of the FLSA, which is extended to three years for willful violations); Ex. A.

### C. USNIA Cannot Show Any Compelling Reason Why the Subpoena Should Not Be Enforced.

The objecting party has the burden to show that an administrative subpoena is unduly burdensome. *See Solis v. Food Emps. Lab. Rels. Ass'n*, 644 F.3d 221, 226 (4th Cir. 2011); *See also E.E.O.C. v. Maryland Cup Corp.*, 785 F.2d 471, 477 (4th Cir. 1986) (cost of gathering responsive information for administrative subpoena not unduly burdensome). An administrative subpoena will not be found unduly burdensome just because it is broad, so long as the requested information is relevant to an authorized investigation. *See F.T.C. v. Rockefeller*, 591 F.2d 182, 190 (2d Cir. 1979). A party must generally show that producing documents responsive to the administrative subpoena would "seriously disrupt its normal business operations." 785 F.2d at 479. This burden is not easily met.

In this case, Respondent has the burden to show that the administrative subpoena is overbroad or unduly burdensome. Given that it is required to create, maintain, and produce for inspection the records sought by Wage and Hour's request, Respondent should already be maintaining all of the subpoenaed records in the ordinary course of business. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2, 516.5, 516.6. Therefore, Respondent should be prepared to produce them to Wage and Hour upon Wage and Hour's

request. *Id*. Since Respondent cannot reasonably argue that production would seriously disrupt their business operations, it cannot sustain its burden. See *E.E.O.C.*, 785 F.2d at 475–76.

Furthermore, the requests in the administrative subpoena are tailored to determine whether USNIA violated the FLSA during the statutory limitations period. Each document sought is relevant to Wage and Hour's statutorily authorized investigation into potential FLSA violations. USNIA has had multiple opportunities to inquire with Wage and Hour regarding any issues related to the scope of Wage and Hour's document requests. USNIA only produced one document and has not responded or produced any additional documents responsive to the administrative subpoena. Therefore, USNIA cannot reasonably object that this request is too burdensome.

### D. Respondent's Delay in Producing the Documents Warrants Equitable Tolling of the Statute of Limitations.

Equitable tolling is appropriate where a party has been delayed in asserting its claim by "some kind of wrongful conduct the part of the defendant." *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (tolling the FLSA statute of limitations). To have a limitations period tolled, a party must show that it has "exercised due diligence in preserving [its] legal rights." *Id*. (internal quotations omitted). Although statutes of limitations protect defendants from the burden of defending stale claims, this interest may be outweighed "where the interests of justice require vindication of the plaintiff's rights." *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 426 (1965); see *E.E.O.C. v. O'Grady*, 857 F.2d 383, 394 (7th Cir. 1988) (tolling of statute of limitations was proper where employer refused to comply with subpoenas).

To mitigate the effects of USNIA's ongoing failure, the Acting Secretary respectfully requests that the Court toll the applicable statute of limitations from October 25, 2024, which was the return date of the administrative subpoena, until USNIA has fully complied by producing all responsive documents. USNIA, rather than their employees, should bear the cost and potential consequences of USNIA failure to comply with the subpoenas. Thus, an order from this Court compelling compliance with the

administrative subpoena is necessary and appropriate.

### 1. USNIA's failure to comply with the administrative subpoena is obstructing Wage and Hour from investigating violations of the FLSA.

The FLSA typically has a two-year statute of limitations, extended to three years for "willful" violations. 29 U.S.C. § 255. USNIA's refusal to produce documents has delayed Wage and Hour's ability to carry out its investigation of potential FLSA violations and pursue its mandate to protect the workforce. Without equitable tolling, USNIA's noncompliance with the administrative subpoena may render potential action under the FLSA time barred. USNIA's conduct also increases the likelihood that evidence will simply be lost with the time lapse and become entirely unavailable. If an employer is permitted to delay the investigation and run out the statute of limitations for legal action, the employer effectively circumvents FLSA compliance.

### 2. Respondent's employees may be harmed without equitable tolling.

FLSA violations accrue on a workweek basis. 29 C.F.R. § 790.21(b). Without tolling, there may be workweeks that fall outside of the statute of limitations for certain employees. Other employees may have a period of employment that falls entirely outside of the statute of limitations. As set forth in the declaration by WHI Blanco, the Acting Secretary has made a diligent effort to obtain these documents, both formally and informally. Yet, USNIA has either refused to respond to any of the Acting Secretary's requests or attempt to delay providing the documents, despite several extensions. Ex. B. Without an order tolling the FLSA statute of limitations, USNIA's employees may lose their opportunity to receive back wages and other appropriate relief.

## IV.   CONCLUSION

The Court should compel USNIA to comply with the administrative subpoena. The Acting Secretary and Wage and Hour are authorized to conduct this investigation, the demand for production is not too indefinite, and the documents sought are relevant to Wage and Hour's investigation. Furthermore,

USNIA has not objected to enforcement of the subpoena as burdensome or disruptive to business operations. Finally, USNIA's refusal to comply with the subpoena, despite Wage and Hour's repeated efforts to resolve this matter, continues to interfere with the Acting Secretary's duty to investigate FLSA compliance, to correct violations, and to deter future noncompliance.

Accordingly, the Court should also toll the FLSA statute of limitations until the date of compliance. Respondent's non-compliance effectively circumvents the FSLA and impacts Respondent's employees.

Respectfully submitted,

| | |
|---|---|
| Mailing Address: | UNITED STATES DEPARTMENT OF LABOR |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street, Mailstop SOL/22<br>Philadelphia, PA 19103<br>215-861-5153 (voice)<br>215-861-5162 (fax) | Seema Nanda<br>Solicitor of Labor<br><br>Samantha N. Thomas<br>Regional Solicitor<br><br>Channah S. Broyde<br>Associate Regional Solicitor<br><br>Elizabeth A. Kuschel<br>Regional Wage and Hour Counsel<br><br>*/s/ Andrenna H. Berggren*<br>Andrenna H. Berggren<br>Trial Attorney<br>VA State Bar No. 100087<br>berggren.andrenna.m@dol.gov<br><br>*/s/ Tracey D. Baker*<br>Tracey D. Baker<br>Trial Attorney<br>PA State Bar No. 335503<br>baker.tracey.d@dol.gov |
| Dated: December 18, 2024 | U.S. DEPARTMENT OF LABOR<br>Attorneys for the Acting Secretary |